IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**VERNON L. BROOKS,**

      **Plaintiff,**

v.                                       Case Number: 2:22-cv-00353

**STEPHEN P. GRAZIANI,**

      **Defendant.**

## PROPOSED FINDINGS & RECOMMENDATION

This civil action is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and referred to the undersigned United States Magistrate Judge for "submission of proposed findings of fact and recommendations for disposition" pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Pending are the "Motion to Dismiss" and "Supplemental Motion to Dismiss" filed by Defendant Stephen P. Graziani ("Defendant"). (ECF Nos. 7, 12.) It is respectfully **RECOMMENDED** herein that Judge Johnston **GRANT** the motions and **DISMISS** this case pursuant to Rule 12(b)(1), or, alternatively, **DISMISS** this civil action *sua sponte* pursuant to the *Rooker-Feldman* abstention doctrine, and **DENY** as moot the pending motions in this matter.

### I.    BACKGROUND

Plaintiff Vernon L. Brooks ("Plaintiff" or "Mr. Brooks")[1] initiated this civil action on August 24, 2022. (ECF No. 2.) He asserts that on April 29, 2022, he received dental care from Defendant, Stephen P. Graziani, a dentist in Charleston, West Virginia. (ECF

---

[1] Plaintiff is proceeding *pro se* in this civil action.

No. 2 at 1 ¶ 3.) Graziani allegedly put fillings in some of Mr. Brooks's teeth without first providing "a price, quote, or estimate/pricing on what was being done on each visit, or a say in what the Plaintiff wanted to [be] done[.]" *Id.* at 1 ¶ 3. As part of this process, Graziani purportedly "injected Mr. Brooks with [a]n[e]sthesia," which Mr. Brooks alleges caused two permanent "puncture wounds on the plaintiff's upper lip." *Id.* Mr. Brooks further alleges that Graziani also stopped "in the middle of Plaintiff[']s fillings" and told Mr. Brooks that he required "more money from the Plaintiff[']s Medicare[.]" *Id.* at 1-2 ¶ 3. Mr. Brooks alleges that he received "no call back, or medication after the treatment" to address Mr. Brooks's "wounds." *Id.* at 1 ¶ 3. Mr. Brooks appears to allege that Graziani's purported actions were racially motivated. *See id.*

      Mr. Brooks also alleges in his Complaint that federal-question subject-matter jurisdiction is "proper under 28 U.S.C. § 1331" because this matter "arises, inter alia, under" W. V[a]. Code § 5-11-2 *et seq.*, W. Va. Code § 61-3-24(D), and 38 U.S.C. § 7316. *Id.* at 1. The first statute cited by Mr. Brooks is W. Va. Code § 5-11-2 *et seq.* That refers to the West Virginia Human Rights Act, which is a State law prohibiting denial of "equal opportunity for employment, equal access to places of public accommodations, and equal opportunity in . . . housing accommodations or real property . . . without regard to race, religion, color, national origin, ancestry, sex, age, blindness or disability." W. Va. Code § 5-11-2. The second statute cited by the Complaint is W. Va. Code § 61-3-24d. That refers to a criminal statute prohibiting "fraudulent schemes," defined as "[a]ny person who willfully deprives another of any money, goods, property or services by means of fraudulent pretenses, representations or promises[.]" W. Va. Code § 61-3-24d. Mr. Brooks's Complaint concludes that "Plaintiff is suing for the amount of [$]240,000[.]" (ECF No. 2 at 2 ¶ 3.)

Following service of process, Graziani filed a *pro se* letter-form motion to dismiss on September 23, 2022, to which Mr. Brooks filed a timely response. (ECF Nos. 7, 10.) Subsequently, Graziani retained counsel and filed a "Supplemental Motion to Dismiss" wherein he raised the Court's lack of jurisdiction pursuant to Rule 12(b)(1) and submitted a copy of a Complaint filed by Plaintiff against Graziani in the Circuit Court of Kanawha County, West Virginia, along with a Final Order of that Court. (ECF Nos. 10, 11, 12, 12-1, 12-3.) The Complaint filed by Mr. Brooks in the Kanawha County Circuit Court alleged the same facts at issue in this case, and sought the same "[$]240,000 in damages" he seeks here, along with "[$]180,000 in pain and suffering." (ECF No. 12-1 at 1.) In the Kanawha County Circuit Court's Final Order, which is dated August 16, 2022—just eight days before Mr. Brooks initiated his instant civil action in this Court—Mr. Brooks's medical-malpractice claim against Graziani was dismissed due to Plaintiff's failure to comply with the notice requirements of the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-6(b) (2003). (ECF No. 12-3.)

Mr. Brooks did not object to Defendant's filing of a supplemental motion; instead, on October 25, 2022, he filed several exhibits in support of the merits of his Complaint, including a photograph of the alleged injury to his upper lip. (ECF No. 14.) On November 1, 2022, Defendant filed a reply brief in support of his pending motions. (ECF No. 15.)

On November 22, 2022, the undersigned held a Status Conference with the parties. Plaintiff appeared *pro se*, and defense counsel Wesley A. Shumway appeared on behalf of the Defendant. The Court heard from both parties, and at the conclusion of the hearing the undersigned entered an Order requiring Plaintiff to—no later than January 30, 2023—file an Amended Complaint properly setting forth the Court's jurisdiction, or to retain counsel to enter an appearance on behalf of the Plaintiff in this matter. (ECF No. 22.) The

Order expressly cautioned Plaintiff that failure to comply "may result in a recommendation to the presiding District Judge that this matter be dismissed." *Id.*

On January 30, 2023, Plaintiff transmitted a letter to the undersigned. Though the letter is difficult to follow, Plaintiff appears to detail his unsuccessful attempts to retain counsel and to request that an attorney be appointed for him. For the reasons set forth in the Order entered contemporaneously herewith, the undersigned **DENIES** Plaintiff's construed Motion to Appoint Counsel. Plaintiff did not submit an amended complaint or otherwise supplement his jurisdictional allegations.

Having reviewed the parties' submissions and considered the parties' presentations at the Status Conference, this matter is now ripe for review.

II. **DISCUSSION**

   a. **Subject-Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982); *Mims v. Kemp,* 516 F.2d 21 (4th Cir.1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 201–02 (2d ed.1990).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe such complaints liberally. *See Cooper v.*

4

*Rubenstein*, 2:12-cv-07462, 2014 WL 2765698, at *1 (S.D. W. Va. May 21, 2014), *adopted*, 2014 WL 2765717 (June 18, 2014) (referencing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Nonetheless, because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See Materson v. Stokes,* 166 F.R.D. 368, 371 (E.D.Va.1996). A district court *must* dismiss if, at any time, it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(h)(3).

As the U.S. Supreme Court stated, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction," meaning that a federal court does not have the authority to resolve a dispute unless that authority has specifically been given to the Court by the Constitution and federal statute. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union, Unincorporated Ass'n*, 815 F.3d 154, 159 (4th Cir. 2016). *See also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Due to the federal courts' limited subject-matter jurisdiction, there is no presumption that the Court has the proper authority to hear a matter. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Therefore, the party who brings the case into federal court—here, the Plaintiff—has the burden to establish the Court's subject-matter jurisdiction; furthermore, federal courts also have an "independent obligation" to determine if a valid basis for its authority to hear a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Importantly, the Court *must*

dismiss the action if no valid basis for its jurisdiction exists. *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3).

As Defendant pointed out in his "Supplemental Motion to Dismiss,"[2] the two primary sources for federal courts' subject-matter jurisdiction are federal-question jurisdiction, as provided by 28 U.S.C. § 1331, and diversity jurisdiction, as provided by 28 U.S.C. § 1332. (ECF No. 12 at 4.) First, as Defendant's motion notes, Plaintiff has not alleged a claim against the Defendant that would entitle him to relief under the United States Constitution or any federal statute providing for a private right of action thereunder. *See id.* Plaintiff claims that this Court has federal-question jurisdiction over this action because it arises under 38 U.S.C. § 7316.[3] (ECF No. 2 at 1 ¶ 1.) Plaintiff's reliance on this federal statute is insufficient to confer subject matter jurisdiction, however, as it relates to defenses specific to the United States as a party in malpractice and negligence suits brought in connection with veterans' benefits. Even construing Plaintiff's Complaint liberally, this provision does not apply to his claim; accordingly, he has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331. Furthermore, even if the Court were to read an assertion of diversity jurisdiction under 28 U.S.C. § 1332 into Plaintiff's Complaint, on the

---

[2] Defendant also asserts that Plaintiff is barred from bringing a medical-malpractice claim in federal court because he has not complied with the pre-suit requirements of the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code §§ 55-7B-6(a)-(b). While not germane to the instant discussion because the MPLA is a state statute that does not confer federal jurisdiction on its own, the undersigned notes the recent opinion published by the Fourth Circuit Court of Appeals in *Pledger v. Lynch*, 5 F.4th 511, 521 (4th Cir. 2021) (concluding that "the Federal Rules, not the MPLA, govern Pledger's claim in federal court, and [] the district court erred by applying West Virginia's certificate requirement").

[3] Plaintiff also claims that this Court has federal-question jurisdiction over this action because it arises under several sections of the West Virginia Code. Even accepting this allegation as true, it does not confer federal-question jurisdiction, however, because the West Virginia Code is the law of a State and not a provision of the United States Constitution or a federal statute within the scope of 28 U.S.C. § 1331.

record before the Court it does not appear that the two parties are diverse in citizenship from one another. (*See* ECF Nos. 2 at 2, 12 at 4.)

For the foregoing reasons, the undersigned proposes that the presiding District Judge **FIND** that this court lacks jurisdiction over Plaintiff's claims in his Complaint. Therefore, it is respectfully **RECOMMENDED** that the presiding Chief District Judge **DISMISS** this matter for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### b. Rooker-Feldman Abstention

In the alternative, the undersigned proposes that the presiding District Judge **FIND** *sua sponte* that dismissal is proper pursuant to the *Rooker-Feldman* abstention doctrine, and it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter accordingly. Plaintiff's requests for relief essentially amount to an improper appeal of the state court's decisions.

The U.S. Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002) (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* abstention doctrine applies to cases brought by a party who lost in state court and now complains "of injuries caused by state-court judgments rendered before the district court

7

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The undersigned proposes that the presiding District Judge FIND that Mr. Brooks is essentially challenging the final decision of the Kanawha County Circuit Court in his medical-malpractice action, and this Court's review of that decision amounts to an appeal therefrom, which is barred by the *Rooker-Feldman* abstention doctrine.

### III.  RECOMMENDATION

Accordingly, for the reasons set forth above, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, alternatively, **DISMISS** this matter pursuant to the *Rooker-Feldman* abstention doctrine.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of

8

appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Johnston.

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, to transmit a copy to counsel of record, and to mail a copy to Plaintiff.

ENTER:　　February 1, 2023

Dwane L. Tinsley
United States Magistrate Judge

9